IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| COREY LEWIS COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 316-095 |
| ) | |
| WILLIAM DANFORTH, Warden, Telfair ) | |
| State Prison; SAM ZANDERS, Deputy ) | |
| Warden, Telfair State Prison; LT. RODNEY ) | |
| MCCLOUD, Unit Manager, Telfair State ) | |
| Prison; LIEUTENANT WILCOX, Telfair ) | |
| State Prison, SERGEANT JORDAN, Telfair ) | |
| State Prison; SERGEANT TAYLOR, Telfair ) | |
| State Prison; OFFICER BELL, Cert. Officer, ) | |
| Telfair State Prison; JOHN DOE, Cert. ) | |
| Officer, Telfair State Prison, JANE DOE, ) | |
| Nurse, Telfair State Prison; and DR. ) | |
| CHANEY, Telfair State Prison,[1] ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, an inmate at Georgia Diagnostic & Classification Prison ("GDCP") in Jackson, Georgia, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Georgia. (Doc. no. 1.) On February 10, 2016, U.S. Magistrate Judge Charles H. Weigle entered an Order and Recommendation allowing Plaintiff to move forward with a First Amendment claim against Defendant Danforth and Eighth Amendment claims against Defendants Wilcox, Jordan, Taylor, Bell, Cert. Officer Doe, Nurse Jane Doe,

---

[1] The Court **DIRECTS** the Clerk to update the caption as above and terminate all other

Dr. Chaney, and Dr. Burnside. (Doc. no. 15). Plaintiff's remaining claims against Defendants Ward, Zanders, Lewis, Logan, McMillian, Chapman, McCloud, and Bishop were recommended to be dismissed as frivolous. Id.

Waivers of Service were executed and mailed for each Defendant by the United States Marshals Service. (Doc. nos. 16-25). Shortly thereafter, on March 3, 2016, Plaintiff filed a Motion for Extension of Time to file his objections to the Order and Recommendation, which the Court granted. (Doc. nos. 26, 27). Defendants Bell, Burnside, Chaney, Danforth, Jane Doe, Jordan, and Wilcox filed a timely Answer to Plaintiff's claims on April 18, 2016. (Doc. no. 34). Defendants raised fourteen defenses in their Answer, including qualified immunity, failure to state a claim, and "all affirmative defenses set forth in FED. R. CIV. P. 8(c)." (Id. at 4).

Plaintiff filed his objections, as well as a Motion to Amend his Complaint with an attached proposed amended complaint for the Court's consideration. (Doc. nos. 37, 38). A preliminary review of Plaintiff's objections and proposed amended complaint revealed Plaintiff sought to add new Defendants to his case as well as new claims regarding his continued confinement in Tier III of the Special Management Unit at GDCP against some Defendants previously recommended to be dismissed. (See id.) Discovery was stayed in the case until further order by the Court. (Doc. no. 39.)

Because of the significant and material amendments proposed by Plaintiff in his objection and proposed amended complaint, Judge Weigle recommended the previous Order and Recommendation (doc. no. 15) be vacated and rescreened Plaintiff's Complaint (doc. no.

---

parties.

1), Amended Complaint (doc. no. 10), and proposed Amended Complaint (doc. no. 38-1). (See doc. no. 43, p. 2.) In his modified Recommendation, Judge Weigle recommended dismissal of Plaintiff's Eight Amendment claims for denial of medical care against Defendant Zanders, Eight Amendment conditions of confinement claims against all Defendants, free expression and RILUPA claims against all Defendants, and First Amendment access to courts claims against all Defendants. (See doc. no. 43.) Judge Weigle further recommended Plaintiff's Eighth Amendment claims for failure to protect against Defendants Danforth, Wilcox, Zanders, McCloud, Jordan, Taylor, Bell, and John Doe, Eighth Amendment claims for denial of medical care against Defendants Jane Doe and Dr. Chaney, First Amendment retaliatory transfer claim against Defendant Danforth, and Fourteenth Amendment Claims for administrative segregation without a hearing against Defendants, Danforth, Zanders, and McCloud be allowed, but severed and transferred to the Southern District of Georgia, as all events took place at Telfair State Prison ("TSP"). (See id.) On December 6, 2016, the District Court adopted Judge Weigle's Recommendation, severing and transferring the Eighth and Fourteenth Amendment claims against Defendants Bell, Chaney, Danforth, Nurse Doe, Officer Doe, Jordan, McCloud, Wilcox, and Zanders, as well as the First Amendment retaliation claim against Defendant Danforth, to this Court in the Southern District of Georgia.[2] (Doc. no. 72, p. 2.)

---

[2] It appears the omission of Defendant Taylor from the Court's December 6th and December 7th Orders was a scrivener's error (doc. nos. 72, 75) and did not reflect Judge Weigle's Recommendation that Plaintiff's Eighth Amendment claims against Defendant Taylor be allowed to go forward (doc. no. 43, pp. 2-3, 18-19).

3

Since Judge Weigle's June 1st Order and Recommendation, Plaintiff has filed a motion to amend complaint (doc. no. 64) and motion to strike answer to amended complaint (doc. no. 66). In order to prevent any confusion of the issues, the Court **DENIES** both motions without prejudice. Because the Court screened Plaintiff's Complaint (doc. no. 1), Amended Complaint (doc. no. 10), and proposed Amended Complaint (doc. no. 38-1), those remain the operative pleadings.

As noted above, Defendants Danforth, Wilcox, Jordan, Bell, Jane Doe, and Chaney have filed an answer to Plaintiff's Amended Complaint and attorney Matthew Frantz Boyer has made an appearance on their behalf. (See doc no. 34) However, Defendants Zanders and McCloud have yet to be served. The most efficient way to effect service is for the attorney for all served Defendants at TSP to simply accept service on behalf of these additional Defendants. Therefore, the Court **DIRECTS** Attorney Boyer to inform the Court within fourteen days whether he will accept service for Defendants Zanders and McCloud.

In addition, Defendant Taylor has been personally served but not answered. (Doc. no. 41.) Since Mr. Boyer is representing all other served Defendants who are also employed at TSP, it seems logical to conclude he will also represent Defendant Taylor. Accordingly, the Court **DIRECTS** Attorney Boyer to inform the Court within fourteen days whether he will be making an appearance on behalf of Defendant Taylor.

Finally, personal service on Defendant John Doe was returned unexecuted when the CERT Commander was unable to identify which officer Plaintiff intended to sue. (Doc. no. 42.) However, as Judge Weigle noted in his Recommendation, "Plaintiff's allegation that Officer Doe was on the CERT Team and held a video camera during the incident in question

4

is sufficient for the Court to expect that discovery is likely to reveal the name of this party." (Doc. no. 43, p. 7, n. 2.) Therefore, the Court **EXTENDS** the time for service of Defendant John Doe through the close of discovery to allow his identity to be revealed. Again, the most efficient path forward would be for Attorney Boyer to identify Defendant John Doe and accept service on his behalf.

After service has been effected on Defendants Zanders and McCloud, the Court will provide the parties with a scheduling order detailing the discovery deadlines.

SO ORDERED this 21st day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA