IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| COREY LEWIS COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-095 |
| | ) | |
| WILLIAM DANFORTH, Warden, Telfair State Prison; SAM ZANDERS, Deputy Warden, Telfair State Prison; LT. RODNEY MCCLOUD, Unit Manager, Telfair State Prison; LIEUTENANT WILCOX, Telfair State Prison, SERGEANT JORDAN-THOMAS, Telfair State Prison; SERGEANT TAYLOR, Telfair State Prison; OFFICER BELL, Cert. Officer, Telfair State Prison; JOHN DOE, Cert. Officer, Telfair State Prison; JILL CRAVEY, Nurse, Telfair State Prison; and DR. CHANEY, Telfair State Prison, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Georgia Diagnostic & Classification Prison ("GDCP") in Jackson, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events at Telfair State Prison ("TSP") and is proceeding *pro se*. Presently before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. no. 84.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

## I. DISCUSSION

Plaintiff alleges he has been placed in segregation for 1,245 days in a "modern day dungeon" and is receiving inadequate medical treatment at GDCP. (See generally doc. no. 84.) Deficiencies in staffing, treatment, equipment, and procedures at GDCP have caused Plaintiff to suffer from permanent bone and nerve damage, limited mobility in his right arm, arthritic pain, lower back pain, and emotional and mental anguish. (Id. at 10.) GDCP staff has also refused him medical treatment for these and other health problems. (Id. at 10-11.) Plaintiff claims officials at GDCP and TSP are responsible for these conditions. (See generally id.) Plaintiff asks the Court to order examination by an independent psychiatrist, physician, and orthopedic specialist, and, at their direction, proscribe a course of mental, emotional, and physical therapy. (Id. at 15-16.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot show a likelihood of success on the merits. In his original and amended

complaints, Plaintiff named officials at both TSP and GDCP. (See doc. nos. 1, 10, 38-1.) However, after screening, the District Court for the Middle District of Georgia severed and transferred Plaintiff's remaining viable claims against officials at TSP to this Court in the Southern District of Georgia. (See doc. no. 72, p. 2.) All of Plaintiff's viable claims against officials at GDCP remained in his case in the Middle District. (See id. at 1-3.)

All of Plaintiff's allegations in his motion for injunctive relief are regarding his current conditions of confinement at GDCP. There is no possibility of Plaintiff succeeding on the merits of his current allegations as to these Defendants, who have no involvement in his treatment at GDCP. Nor does this Court does not have authority to direct GDCP officials to take any action since they are no longer parties. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003) ("[A]n individual or entity is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.") (internal quotations omitted). Therefore, this Court cannot grant Plaintiff injunctive relief.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**. (Doc. no. 84.) If Plaintiff wishes to pursue relief against GDCP officials for their acts and omissions, he must do so in the Middle District of Georgia, which it appears he has already done. (See doc. no. 89,

Ex. A.)

SO REPORTED and RECOMMENDED this 13th day of March, 2017, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA