IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| COREY LEWIS COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM DANFORTH, Warden, Telfair State Prison; SAM ZANDERS, Deputy Warden, Telfair State Prison; LT. RODNEY MCCLOUD, Unit Manager, Telfair State Prison; LIEUTENANT WILCOX, Telfair State Prison, SERGEANT JORDAN-THOMAS, Telfair State Prison; SERGEANT TAYLOR, Telfair State Prison; OFFICER BELL, Cert. Officer, Telfair State Prison; JOHN DOE, Cert. Officer, Telfair State Prison; JILL CRAVEY, Nurse, Telfair State Prison; and DR. CHANEY, Telfair State Prison, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CV 316-095 |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Hancock State Prison in Sparta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia. For the reasons set forth below, the Court **DENIES** Plaintiff's Second Motion to Compel Discovery and Motion for Sanctions. (Doc. nos. 135, 136.)

## I. BACKGROUND

Plaintiff asserts Eighth Amendment claims for failure to protect against Defendants Danforth, Wilcox, Zanders, McCloud, Jordan-Thomas, Taylor, Bell, and John Doe, Eighth Amendment claims for denial of medical care against Defendants Cravey and Dr. Chaney, a First Amendment retaliatory transfer claim against Defendant Danforth, and Fourteenth Amendment Claims for administrative segregation without a hearing against Defendants Danforth, Zanders, and McCloud. (See doc. no. 43.) On August 23, 2017, Plaintiff filed his first motion to compel, which the Court granted in part and denied in part. (Doc. nos. 112, 125.) The Court ordered Defendants to supplement their discovery responses within fourteen days of its November 15, 2017 Order. (Doc. no. 125.)

Plaintiff filed his second motion to compel and a motion for sanctions on January 5, 2018. (Doc. nos. 135, 136.) Plaintiff seeks production of documentary evidence in response to six discovery requests, and asks the Court to sanction Defendants for failure to produce the requested evidence sooner. (Id.) He argues he has repeatedly conferred with defense counsel to no avail, and Defendants have "willfully acted with conscious indifference" to the Court's Order compelling discovery. (Id.) Defendants contend they have produced all documents required by the Court's November 15th Order. (Doc. nos. 138, 139.)

## II. DISCUSSION

### A. Plaintiff's Motion to Compel

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]hen there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998). However, "the Court obviously cannot compel production of documents that do not exist" and "is generally entitled to rely on representations made in discovery requests and responses." Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *2 (S.D. Ga. Aug. 26, 2015) (internal citations omitted).

A discovery motion must "include the specific ground for the motion or objection" and "may not be made generally." Loc. R. 26.5(b)-(c). Plaintiff's motion does not satisfy this requirement because of its generalities. Nevertheless, despite this deficiency, the Court addresses each of Plaintiff's disputed requests on the merits in turn below.

> *1. Request for defendant Jordan-Thomas to produce the video footage from the state camera #329472 that she operated during this incident on July 15, 2013. (See doc. no. 113-1, Ex. 1. Interrogatory no. 6(b) p. 37).*
>
> *2. Request for defendant Bell to produce the video footage from the state camera #329502 that he operated during this incident on July 15, 2013. (See doc. no. 113-1, Ex. 1. Interrogatory no. 6(b) p. 41).*

> *3. Request for defendants Danforth, et al. to produce copies of all audio and video recordings/footage concerning incident on July 15, 2013. (See doc. no. 113-1, Ex. 1. Interrogatory no. 9 p. 12 and Interrogatory no. 10 p. 13).*

As noted in the Court's November 15th Order, Defendants produced five videos in response to Plaintiff's requests. (Doc. no. 124, pp. 8, 11.) Moreover, Defendants aver they "have produced all relevant surveillance footage of Plaintiff in their possession, custody, and control. Defendants are not in possession, custody, or control of additional surveillance footage of Plaintiff beyond what was already provided to him." (Doc. no. 138, p. 4.) The Court is entitled to rely on Defendants' representations, and it cannot compel Defendants to produce video recordings that do not exist. See Hunter, 2015 WL 5042245, at *2 ("[T]he Court obviously cannot compel production of documents that do not exist [and] is generally entitled to rely on representations made in discovery requests and responses.") (internal citations omitted). Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Request Nos. 1, 2, and 3.

> *4. Request for defendant Wilcox to produce diagrams that depicts cafeteria, recreation yard, the area in front of D and E Buildings, E-Building quietroom, and Administrative Segregation cell E-2 #123 which are all relevant scenes. (See doc. no. 113-1, Ex. 1. Interrogatory no. 4 p. 29 and Interrogatory no. 8 p. 30).*

As noted in the Court's November 15th Order, "Plaintiff does not explain why schematics would provide relevant information not apparent from the video recordings themselves. In addition, Defendant has stated a valid concerning regarding the security

4

implications of providing prison schematics to inmates." (Doc. no. 124, p. 10.) Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Request No. 4.

> *5. Request for defendant Cheney to produce x-rays films, images, and all radiographic records from plaintiff's medical records. (See doc. no. 113-1, Ex. 1. Interrogatory no. 14 p. 48 and Request for Admission no. 5 p. 14).*

As an initial matter, Plaintiff did not previously seek to compel nor did the Court order Defendant Cheney to produce x-rays and all radiographic records from Plaintiff's medical records. (See doc. nos. 112, 125.) Moreover, Defendants aver they "have already provided Plaintiff's relevant medical records to him, which include reports, or interpretations, of x-rays that Plaintiff received between 2010 and 2014. Defendants are not in possession of Plaintiff's original radiographic films." (Doc. no. 138, p. 5.) The Court is entitled to rely on Defendants' representations, and it cannot compel Defendants to produce x-rays and radiographic records that do not exist. See Hunter, 2015 WL 5042245, at *2 ("[T]he Court obviously cannot compel production of documents that do not exist [and] is generally entitled to rely on representations made in discovery requests and responses.") (internal citations omitted). Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Request No. 5.

> *6. Request for defendants Danforth, et al. to produce GDC policies SOP II B02-0001, II C02-0002, II C02-0004, II A07-0005, and II A08-0001. (See doc. no. 113-1, Ex. 1. Interrogatory no. 2 p. 20, no. 3 p. 20, no. 5 p. 25, no. 2 p. 41).*

Plaintiff did not seek copies of these policies in his original interrogatories and requests for production to Defendants, but rather by letter. (See doc. nos. 113-1, 113-3.) As this Court previously held, it "cannot compel production of discovery Plaintiff never formally requested." (Doc. no. 125, p. 16) (citing James v. Wash Depot Holdings, Inc., 240 F.R.D. 693, 695 (S.D. Fla. 2006)). Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Request No. 6.

### B. Plaintiff's Motion for Sanctions

Plaintiff seeks sanctions for the alleged deficiencies in Defendants' answers to his interrogatories and requests for production. As discussed above, none of Defendants' responses were deficient. Accordingly, the Court **DENIES** Plaintiff's Motion for Sanctions. (Doc. no. 136.)

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Second Motion to Compel Discovery and Motion for Sanctions. (Doc. nos. 135, 136.) In addition, the Court **LIFTS** the stay on the dispositive motion deadline. The parties shall have through and

including March 22, 2018 to file motions for summary judgment.

SO ORDERED this 20th day of February, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA