FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 APR -2 PM 1:56
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

COREY LEWIS COLEMAN,

 Plaintiff,

v.   CV 316-095

WILLIAM DANFORTH, Warden, Telfair State Prison; SAM ZANDERS, Deputy Warden, Telfair State Prison; LT. RODNEY MCCLOUD, Unit Manager, Telfair State Prison; LIEUTENANT WILCOX, Telfair State Prison; SERGEANT JORDAN-THOMAS, Telfair State Prison; SERGEANT TAYLOR, Telfair State Prison; OFFICER BELL, Cert. Team, Telfair State Prison; JILL CRAVEY, Nurse, Telfair State Prison; and DR. CHANEY, Telfair State Prison,

 Defendants.

**O R D E R**

On March 8, 2019, the Court vacated the Order adopting the United States Magistrate Judge's Report and Recommendation ("R&R") and granted Plaintiff's motion for extension of time to file objections to the R&R. (Doc. No. 163 at 2-3.) Plaintiff was given until March 26th to file his objections. (Id.) By Friday, March 29, 2019, three days past the deadline, Plaintiff had yet to file his objections, so the Court entered an Order adopting the Magistrate Judge's R&R. (Doc. No. 164.)

The following Monday, April 1st, the Clerk of Court received Plaintiff's objections, which were signed on March 25th, one day before the deadline to file. (Doc. No. 165.) Thus, according to the prisoner mailbox rule, Plaintiff's objections were timely filed. See Moore v. Frazier, 605 F. App'x 863, 865 (11th Cir. 2015) ("In the absence of evidence to the contrary, we assume that a prisoner's filing was delivered to prison authorities on the date he signed it."). The Court will now consider the objections.

After another careful, *de novo* review of the file and consideration of Plaintiff's objections, the Court concludes that nothing in the objections serves to alter the Magistrate Judge's conclusions on Plaintiff's claims. Many of Plaintiff's objections are substantially the same arguments he made in his motion for summary judgment (doc. no. 146). For instance, Plaintiff's due process claim objection argues his placement in administrative segregation qualifies as an "atypical and significant" hardship because of the "harmful effects of prolonged isolation." (Doc. No. 165 at 2.) This is the same argument Plaintiff made in his motion for summary judgment, which the Magistrate Judge considered and rejected. (See Pl.'s Mot. for Summ. J. at 6; R&R, Doc. No. 159, at 23-25.)

Further, Plaintiff objects to the Magistrate Judge's conclusion that his injuries were, at most, *de minimis* and recovery at trial should be limited to nominal damages, pursuant to 42

U.S.C. § 1997e(e). In support, Plaintiff provides his definition of "physical injury" and cites several criminal statutes that define "bodily injury."[1] (Doc. No. 165 at 1.) The Magistrate Judge, however, acknowledged that Plaintiff's medical records showed he suffered some physical injury, namely a minor laceration to the mouth and soreness in his shoulder, knee, and back. (R&R at 22.) The Magistrate Judge, therefore, concluded Plaintiff did sustain some physical injuries, but those injuries were, at most, *de minimis*. (Id.) Plaintiff's objection offers no basis to alter that conclusion.

In total, Plaintiff's objections do not require the Court to disturb the Magistrate Judge's conclusions in the R&R or the Court's adoption of the R&R. Accordingly, the Court **OVERRULES** Plaintiff's objections. The Court's March 29th Order adopting the R&R shall stand on the record. The case shall proceed to trial on Plaintiff's Eighth Amendment failure to protect claim for nominal damages against Defendants Danforth, Zanders, McCloud, Wilcox, Jordan-Thomas, Taylor, and Bell.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's statute citations are inapplicable to this case. While the statutes do provide various definitions for "bodily injury," they all address topics irrelevant to Plaintiff's constitutional claims and 42 U.S.C. § 1997e(e). For example, Plaintiff cites 18 U.S.C. § 1365 that addresses tampering with consumer products and 18 U.S.C. § 831 that concerns prohibited transactions of nuclear material.