FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 SEP 18 PM 3:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
COREY LEWIS COLEMAN,        *
                            *
     Plaintiff,             *
                            *
     v.                     *   CV 316-095
                            *
WILLIAM DANFORTH, et al.,   *
                            *
     Defendants.            *
```

**O R D E R**

This case came before the Court for a pretrial conference on September 16, 2019 in Dublin, Georgia. Argument was heard on a number of issues raised in the proposed pretrial order, motions in limine (doc. no. 185), and objections to trial exhibits (doc. nos. 182-83). The oral rulings on these issues are expressed below as an order of the Court:

**I.   Preface**

At the outset, I note that many of Defendants' motions in limine ask that I ministerially apply the Federal Rules of Evidence. That is, Defendants have asked for a pretrial ruling on the admissibility of matters that, if introduced at trial, would clearly be inadmissible under the law.

Counsel for Defendants are expected to adhere to the highest standard of professionalism and ethics in the trial of the case and to be well-versed in the evidentiary rules of law.

Accordingly, to the extent that a motion in limine seeks application of the Federal Rules of Evidence in a customary and obvious way, such motion in limine is moot. If an issue related to a motion in limine mooted herein arises at trial, I will rule upon it at that time.

**II. Defendants' Motions in Limine**

Defendants William Danforth, Karen Jordan-Thomas, Kenneth Bell, Rickey Wilcox, Sam Zanders, Rodney McCloud, and Thomas Taylor filed ten motions in limine. (Doc. No. 185.) Motions one through six (id. at 3-8) are **MOOT** for the reasons stated in the preface of this Order.

In motion seven, Defendants seek to exclude evidence of Defendants' administrative reporting of the July 15, 2013 incident (the "Incident"). (Id. at 9.) If any failure to report the Incident is evidence of concealment of misconduct, I will rule on the evidence when it is presented. Defendants' seventh motion in limine is **DEFERRED UNTIL TRIAL**.

In motion eight, Defendants seek to exclude any reference to Plaintiff's allegations of evidence spoliation. (Id. at 10.) Plaintiff's counsel is not planning to present any evidence of spoliation and will warn her client to avoid references to spoliation. Defendants' eight motion in limine is **MOOT**.

In motion nine, Defendants seek to exclude evidence of any lack of disciplinary action against other inmates involved in the

2

Incident. (Id. at 11.) Evidence of failure to discipline will be permitted only for cross-examination and impeachment purposes. Defendants' ninth motion in limine is **GRANTED IN PART**.

In motion ten, Defendants seek to exclude evidence of Plaintiff's claims in this case that were previously dismissed. (Id. at 12.) This motion is **GRANTED**. References to the dismissed claims may be allowed on cross-examination, depending upon the circumstances.

**III. Defendants' Objections to Plaintiff's Trial Exhibits**

Defendants made nine objections to Plaintiff's trial exhibits. (Doc. No. 182.)

Defendants object to Plaintiff's exhibits one through twenty-eight, which are audio interviews conducted during an investigation of the Incident. (Id. at 1-2.) Defendants argue that the exhibits are hearsay and irrelevant. Plaintiff agreed to use these audio interviews for impeachment purposes only. It is so ordered.

Defendants object to Plaintiff's exhibit 29, which is the Georgia Department of Corrections' ("GDC") standard operating procedure for "POST Orders." (Id. at 2.) Defendants argue that the policy is exempt from disclosure and presents a security threat to GDC operations. Before any mention of such materials in the presence of the jury, Plaintiff must alert the Court and specify the part of the policy to be offered and its purpose.

3

Defendants object to Plaintiff's exhibit 31, the GDC's policy regarding Islamic worship in prisons, arguing that the policy is irrelevant. (Id. at 2-3.) Parts of the policy may be admitted to the extent they are relevant to a potential violation occurring during the Incident.

Defendants object to exhibit 32, Plaintiff's administrative grievance, as duplicative of anticipated testimony and hearsay. (Id. at 3.) This exhibit may be used only to the extent it is offered and it qualifies as a prior consistent statement which serves to rebut an inference of recent fabrication.

Defendants object to exhibits 33, 34, and 35 — Plaintiff's appeal of his administrative grievance, a response to the appeal, and Defendant Danforth's response to the grievance — as hearsay and irrelevant. (Id. at 3-4.) These exhibits may be used only for impeachment purposes.

Defendants object to exhibit 36, the GDC's policy regarding administrative segregation, arguing that it is irrelevant. (Id. at 4.) This exhibit may be used only to show a potential inconsistency with the policy during the Incident and only upon proper foundation of such inconsistency.

Defendants object to exhibit 37, the GDC's policy regarding records management, as irrelevant. (Id. at 5.) This objection is sustained; counsel is to alert the Court if the policy becomes relevant during trial.

### IV. Plaintiff's Objections to Defendants' Trial Exhibits

Plaintiff objects to Defendants' exhibit 1, copies of Plaintiff's convictions, as irrelevant and unfairly prejudicial. (Doc. No. 183.) Evidence of Plaintiff's convictions will be limited to the nature and number of convictions. See U.S. v. Burston, 159 F.3d 1328, 1336 (11th Cir. 1998) ("We therefore conclude that [Federal Rule of Evidence] 609(a)(1) requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions.") This information shall first be developed upon cross-examination. If necessary, documents may be offered thereafter.

### V. Jury Charge

Counsel for both parties are to confer and submit a joint jury charge to the Court before trial.

### VI. Conclusion

Upon the foregoing, Defendants' motions in limine (doc. no. 185) are **GRANTED IN PART, DENIED AS MOOT,** or **DEFERRED UNTIL TRIAL** in accordance with this Order. **IT IS FURTHER ORDERED** that Defendants' and Plaintiff's objections to trial exhibits (doc. nos. 182-83) are **SUSTAINED IN PART, OVERRULED IN PART,** or **DEFERRED UNTIL TRIAL** in accordance with this Order.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of September, 2019.

5

                                              _____
                                              UNITED STATES DISTRICT JUDGE