FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 NOV 22 AM 9:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
COREY LEWIS COLEMAN,           *
                               *
     Plaintiff,                *
                               *
     v.                        *      CV 316-095
                               *
WILLIAM DANFORTH, Warden,      *
Telfair State Prison;          *
SERGEANT KAREN JORDAN-THOMAS;  *
SERGEANT THOMAS TAYLOR;        *
LIEUTENANT RICKEY WILCOX;      *
SAM ZANDERS, Deputy Warden,    *
Telfair State Prison; and      *
RODNEY MCCLOUD, Unit Manager,  *
Telfair State Prison,          *
                               *
     Defendants.               *
```

**O R D E R**

Before the Court are four of Plaintiff Corey Coleman's motions: a motion for new trial (doc. no. 213), a motion for leave to appeal *in forma pauperis* (doc. no. 216), a motion to appoint counsel on appeal (doc. no. 217), and a motion for trial transcript (doc. no. 218). Plaintiff now proceeds *pro se* following a jury verdict at a trial which concluded on September 24, 2019. For the following reasons, Plaintiff's motions are denied.

### I.  Motion for New Trial

Federal Rule of Civil Procedure 59(b) provides that a motion for new trial must be filed "no later than 28 days after the entry

of judgment." The Clerk entered judgment in this case on September 26, 2019. Plaintiff filed his motion on November 1, 2019 – 36 days after judgment was entered. The Court therefore denies Plaintiff's motion for a new trial as untimely. See Martinair Holland, N.V. v. Benihana, Inc., 780 F.App'x 772, 775-76 (11th Cir. 2019) (declining to consider Rule 59 motion filed 31 days after judgment was entered); Fed. Trade Comm'n v. RCA Credit Servs., LLC, 440 F.App'x 831, 833 (11th Cir. 2011) ("[A] district court 'must not extend the time' to file a Rule 59 motion." (quoting Fed. R. Civ. P. 6(b)(2))).

## II. Motion for Leave to Appeal *in forma pauperis*

Plaintiff next moves for leave to appeal *in forma pauperis*. Plaintiff did not submit a statement of the nature of his appeal with his motion.[1] See Fed. R. App. P. 24(a)(1)(B)-(C); 28 U.S.C. § 1915(a)(1). The Court also notes that Plaintiff was permitted to proceed *in forma pauperis* at the district court level. (See Doc. No. 15, at 2.) Therefore, Federal Rule of Appellate Procedure 24(a)(3) permits Plaintiff to appeal *in forma pauperis* unless the

---

[1] Despite Plaintiff's filing deficiencies, the Court looks to Plaintiff's notice of appeal to determine its nature and concludes nonetheless that Plaintiff's appeal is frivolous for the reasons explained below.

2

Court certifies that the appeal is not taken in good faith. See also 28 U.S.C. § 1915(a)(3).

An appeal is not taken in good faith if it is frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). "Frivolous," in turn, means "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted). Trial courts possess wide discretion in determining whether to grant a motion for leave to appeal *in forma pauperis* in civil cases, which is a privilege that should be extended sparingly, especially in cases for damages. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citation omitted); see also Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam) ("There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious.").

Plaintiff's notice of appeal states that he appeals "from the final judgment entered . . . on September 24, 2019," which was the date the jury returned a verdict for Defendants on Plaintiff's Eighth Amendment failure-to-protect claim. Nonetheless, Plaintiff's grounds for appeal are directed only at the Court's grant of summary judgment on Plaintiff's First, Fourteenth, and other Eighth Amendment claims. The Court cannot determine how Plaintiff could non-frivolously raise these arguments in an appeal

3

of the September 24, 2019 judgment because that judgment concerns only the Eighth Amendment failure-to-protect claim. Therefore, Plaintiff is denied *in forma pauperis* status for his appeal.

### III. Motion to Appoint Counsel

Plaintiff moves the Court to appoint counsel to represent him on appeal pursuant to 28 U.S.C. § 1915(e)(1). "A plaintiff in a civil case has no constitutional right to counsel." <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999). Although Section 1915 allows courts to appoint counsel in civil cases, the "court has broad discretion in making this decision and should appoint counsel only in exceptional circumstances." <u>Id.</u> (internal citations omitted).

The Eleventh Circuit considers four factors when determining whether exceptional circumstances exist:

> (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his or her case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

<u>Watkins v. Broward Sheriff's Office</u>, 771 F. App'x 902, 906 (11th Cir. 2019). Plaintiff's appeal is neither "novel nor complex." See <u>id.</u> Plaintiff has also demonstrated adequate ability in presenting his case thus far, having represented himself with

4

relative success through the summary judgment stage at which point counsel was appointed. The third and fourth factors, which may have been relevant at the trial level, are no longer applicable. Unlike at trial, Plaintiff will not have to investigate the case further, and neither will he be required to present evidence. Plaintiff's motion to appoint counsel is denied.

### IV. Motion for Trial Transcript

Plaintiff's motion requests only that a transcript be prepared for appellate review. He does not mention whether he would like to receive the transcript without fee. Assuming this is what Plaintiff asks, the Court denies Plaintiff's motion. 28 U.S.C. § 753(f) provides that the United States shall pay transcript fees for appellants permitted to appeal *in forma pauperis* if the Court certifies that the appeal is not frivolous, which it will not do. Therefore, the Court will not furnish Plaintiff with a transcript of the trial proceedings without fee. Should Plaintiff desire to pay the fee, he may request a copy of the trial transcript from the official court reporter, Ms. Lisa Davenport.

5

### V. Conclusion

Upon consideration, the Court **DENIES** Plaintiff's motions for a new trial, for leave to appeal *in forma pauperis*, to appoint counsel, and for a trial transcript. (Doc. Nos. 213, 216, 217, 218.)

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE